Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

AUGUST 14, 20 13

WILLIAM M. McCOOL, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUAN CARLOS DE LA CRUZ PIOTE,

Defendant.

CR13 5470 RBL

INDICTMENT

### Count 1
### (Conspiracy to Commit Wire Fraud)

Beginning in or about June 2011, and continuing until August 14, 2013, at Silverdale and elsewhere within the Western District of Washington, Romania, and elsewhere, JUAN CARLOS DE LA CRUZ PIOTE and others known and unknown, did knowingly and intentionally conspire to commit an offense against the United States, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343 by devising a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts, and by transmitting writings, signs, signals, pictures, and sounds, in interstate and foreign commerce for the purpose of executing the scheme and artifice.

## I. Object of the Conspiracy

The object of the conspiracy was to defraud, and to obtain money and property from, victims seeking to buy cars, boats, and other items advertised on the internet. Specifically, DE LA CRUZ PIOTE and his coconspirators fraudulently advertised recreational vehicles (RV's), motor homes, cars, and boats for sale on the internet, and then caused unwitting buyers to send money in payment for these items. In truth and fact, DE LA CRUZ PIOTE and his coconspirators never intended to sell or send the items, and instead intended to steal the money that victims sent to bank accounts that DE LA CRUZ PIOTE and others controlled. To date, the scheme has netted a total of more than $1,000,000, of which $251,990 in wire transfers were sent to bank accounts controlled by DE LA CRUZ PIOTE.

## II. Manner and Means of the Conspiracy

1. It was part of the conspiracy that DE LA CRUZ PIOTE and others would enter the United States for the purpose of committing the scheme.

2. It was further part of the conspiracy that DE LA CRUZ PIOTE and other coconspirators would and did open bank accounts in the names of companies, such as GMC AUTOS, LLC, at federally-insured financial institutions and elsewhere.

3. It was further part of the conspiracy that DE LA CRUZ PIOTE and other coconspirators would and did cause advertisements to be placed on internet sites, fraudulently offering for sale items such as recreational vehicles, cars, boats, and other expensive items, that the coconspirators did not intend to deliver.

4. It was further part of the conspiracy that DE LA CRUZ PIOTE and other coconspirators would and did respond, by telephone and by email, when potential victims expressed interest in purchasing the items.

5. It was further part of the conspiracy that DE LA CRUZ PIOTE and other coconspirators would and did instruct potential victims that, to avoid being cheated when purchasing the listed items, the victims should use a service called "Amazon Payments." In truth and fact, DE LA CRUZ PIOTE and other coconspirators were in no way

associated with Amazon, and instead used the name to lull their victims into a false sense of security.

6. It was further part of the conspiracy that DE LA CRUZ PIOTE and other coconspirators would cause their victims to transfer, by wire, in and through interstate commerce, the purchase money for the items listed for sale, to bank accounts they had set up in the name of GMC AUTOS, LLC, and other names, although DE LA CRUZ PIOTE and his coconspirators had no intention of delivering the items offered for sale.

7. It was further part of the conspiracy that DE LA CRUZ PIOTE and other coconspirators would and did then cause the proceeds received from their victims to be again wire transferred, to accounts outside the United States, and would and did withdraw the victims' money from these accounts, all without delivering, or intending to deliver, the items listed for sale in the internet advertisements.

8. It was further part of the conspiracy that DE LA CRUZ PIOTE and other coconspirators would and did make false statements to the banks, to the conspirators' victims, to the police, and to others, all to lull them and to give the conspirators the opportunity to flee from the area and outside of the United States.

9. It was further part of the conspiracy that DE LA CRUZ PIOTE and other coconspirators, if arrested for their frauds, would have their coconspirators pay any bond or bail, in untraceable currency, to give them the option of fleeing the charges, and prevent law enforcement from tracing and detecting the other members of the scheme.

10. It was further part of the conspiracy that DE LA CRUZ PIOTE would and did open and use a bank account in the name of GMC AUTOS, LLC, at Chase Bank, account 3018, at the branch located at 14400 124th Ave. NE., Kirkland, WA 98034.

11. It was further part of the conspiracy that DE LA CRUZ PIOTE would and did open and use bank accounts in the name of GMC AUTOS, LLC, at Bank of America, accounts 9703 & 9612, at the branch located at 12727 SE 38th St., Bellevue, WA 98006.

12. It was further part of the conspiracy that DE LA CRUZ PIOTE would and did open and use bank accounts in the name of GMC Autos, LLC, at Wells Fargo Bank,

accounts 3202 & 9548, at the branch located at 13505 NE. 175th St., Woodinville, WA 98072.

### III. Overt Acts in Furtherance of the Conspiracy

1. In furtherance of the conspiracy and to effect the objects of the conspiracy, at Silverdale, in the Western District of Washington, and elsewhere DE LA CRUZ PIOTE and coconspirators did knowingly commit the following overt acts:

2. On December 28, 2010, coconspirator Emilian Nita entered the East Bremerton, Washington, branch of Bank of America to fraudulently open a bank account to facilitate a wire fraud. Using the name of D.S., Nita provided a false and fraudulent passport in the name of D.S. Nita used the false and fraudulent passport to open a bank account that he knew was to be used as part of a scheme to defraud others.

3. On January 20, 2011, Nita entered the Silverdale, Washington, branch of Bank of America to fraudulently open a bank account under the name of D.S. Once again, Nita used the name D.S., and a fraudulent Slovakian passport in the name of D.S., to open the bank account. Nita knowingly created this account for the purposes of facilitating a wire fraud through an internet-based fraud scheme.

4. On or about July 13, 2011, DE LA CRUZ PIOTE opened a bank account in the name of GMC AUTOS, LLC, at Chase Bank, account 3018, at the branch located at 14400 124th Ave. NE., Kirkland, WA 98034.

5. On or about July 12, 2011, DE LA CRUZ PIOTE opened bank accounts in the name of GMC AUTOS, LLC, at Bank of America, accounts 9703 & 9612, at the branch located at 12727 SE 38th St., Bellevue, WA 98006.

6. On or about July 13, 2011, DE LA CRUZ PIOTE opened accounts in the name of GMC AUTOS, LLC, at Wells Fargo Bank, accounts 3202 & 9548, at the branch located at 13505 NE. 175th St., Woodinville, WA 98072.

7. On or about the dates listed below, the conspirators transmitted, or caused to be transmitted, by interstate wire, the following, with each transmission constituting a separate overt act:

| | Date Received | Sender | Sender's Bank | Item Advertised | Beneficiary | Beneficiary's Bank | Amount |
|---|---|---|---|---|---|---|---|
| 1. | 2/2/2011 | H.N. | Wells Fargo | Cadillac | CARS CONSULTANTS, LLC | Wells Fargo 2122 | $20,000 |
| 2. | 2/9/2011 | C.W.P. | B of A | Lexus | CARS CONSULTANTS, LLC | B of A 5913 | $19,000 |
| 3. | 2/14/2011 | K.S. | B of A | Auto | Unknown | B of A 4442 | $26,200 |
| 4. | 2/28/2011 | L.O. | Wells Fargo | Mercedes | Unknown | Wells Fargo 4644 | $16,500 |
| 5. | 7/6/2011 | S.K. | B of A | 2009 Nissan GT-R | MGA ENGINES, LLC | B of A 4215 | $35,000 |
| 6. | 7/7/2011 | M.R. | Wachovia Bank | Airstream Motor home | MGA ENGINES, LLC | B of A 4215 | $16,500 |
| 7. | 7/11/2011 | A.S. | Commonwealth Bank of Australia | E type Jaguar | MGA ENGINES, LLC | B of A 4215 | $14,850 |
| 8. | *7/13/2011* | *D.R.* | *Wells Fargo* | *Wire transfer recalled* | *MGA ENGINES, LLC* | *US Bank* | *$27,500* |
| 9. | *7/13/2011* | *N.P.* | *B of A* | *Wire transfer recalled* | *MGA ENGINES, LLC* | *US Bank* | *$48,000* |
| 10. | 7/14/2011 | T.N. | Chase Bank | 2008 Audi S5 | AUTO FINANCIAL, LLC | Wells Fargo 4216 | $38,000 |
| 11. | 7/15/2011 | K.P. | Unknown | 2009 Crownline Boat | MGA ENGINES, LLC | Chase 9033 | $14,982 |
| 12. | 7/15/2011 | G.G. | Unknown | 1969 Chevrolet Camaro | MGA ENGINES, LLC | Chase 9033 | $14,700 |
| 13. | 7/18/2011 | S.M. | First Citizen's Bank | 2006 Fleetwood Excursion | AUTO FINANCIAL, LLC | Banner Bank 6215 | $60,350 |
| 14. | 7/19/2011 | B.D. | Unknown | 2010 Lexus | AUTO FINANCIAL, LLC | Wells Fargo 4216 | $58,000 |
| 15. | 7/20/2011 | A.S. | Voyager Bank | 2007 Malibu Wakesetter | AUTO FINANCIAL, LLC | Banner Bank 6215 | $21,000 |
| 16. | 7/21/2011 | J.M. | Chase Bank | 2009 Audi S5 | AUTO FINANCIAL, LLC | Chase Bank 3247 | $39,000 |

|     | Date Received | Sender | Sender's Bank | Item | Beneficiary | Beneficiary's Bank | Amount |
|-----|---------------|--------|---------------|------|-------------|--------------------|--------|
| 17. | 7/21/2011 | M.G.A.C. | B of A | 2009 Mercedes SL65 | AUTO FINANCIAL, LLC | Chase Bank 3247 | $92,000 |
| 18. | 7/25/2011 | J.H.M | HSBC Bank | 2010 Toyota Tundra | AUTO FINANCIAL, LLC | B of A 5618 | $33,500 |
| 19. | 8/04/2011 | P.A. | B of A | 2010 Toyota Tundra | GMC AUTOS, LLC | Chase 3018 | $32,000 |
| 20. | 8/5/2011 | I.M. | BTCO | BMW X5 | AUTO FINANCIAL, LLC | Chase Bank 3247 | $12,000 |
| 21. | 8/05/2011 | O.M.I | TD Bank | 2010 Toyota Tundra | GMC AUTOS, LLC | Chase 3018 | $32,500 |
| 22. | 8/8/2011 | S.A. | Wells Fargo Bank | 2010 Lexus GX460 | GMC AUTOS, LLC | Chase 3018 | $45,650 |
| 23. | 8/08/2011 | C.S. | Key Bank | 2010 Mercedes Benz GL | GMC AUTOS, LLC | Chase 3018 | $5,000 |
| 24. | 8/8/2011 | A.M.G. | RBS Citizen's Bank | 2010 Infiniti FX35 | GMC AUTOS, LLC | B of A 9703 | $30,000 |
| 25. | 8/09/2011 | A.K. | RBS Citizens | 2010 Mercedes Benz GL | GMC AUTOS, LLC | Chase 3018 | $5,000 |
| 26. | 8/10/2011 | K.C.C. | Chase Bank | 2009 Infiniti | GMC AUTOS, LLC | B of A 9703 | $33,000 |
| 27. | 8/11/2011 | C.S.L. | Chase Bank | 2009 BMX X5 | GMC AUTOS, LLC | Chase 3018 | $33,490 |
| 28. | 8/11/2011 | S.A. | Wells Fargo Bank | 2010 Lexus RX350 | GMC AUTOS, LLC | Chase 3018 | $35,350 |
|     |           |        |               |      |             | TOTAL: | $940,772 |

8. On or about the dates listed below, after victims had sent wires to the fraudulent businesses and bank accounts, the coconspirators made cash withdrawals, in amounts under the Currency Transaction Reporting (CTR) limit of $10,000, from the

bank accounts in the name of GMC AUTOS, LLC, with each withdrawal constituting a separate overt act.

|  | Date | Sender Bank Account | Sender | Transaction | Amount |
|---|---|---|---|---|---|
| 1. | 08/02/11 | B of A 9612 | GMC AUTOS, LLC | Withdrawal | $5,000 |
| 2. | 08/03/11 | B of A 9617 | GMC AUTOS, LLC | Withdrawal | $2,000 |
| 3. | 08/05/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $4,300 |
| 4. | 08/05/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $3,500 |
| 5. | 08/08/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $2,000 |
| 6. | 08/08/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $4,000 |
| 7. | 08/08/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $4,000 |
| 8. | 08/08/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $5,000 |
| 9. | 08/08/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $5,000 |
| 10. | 08/08/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $2,000 |
| 11. | 08/08/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $7,000 |
| 12. | 08/08/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $6,000 |
| 13. | 08/08/11 | B of A 9703 | GMC AUTOS, LLC | Withdrawal | $6,000 |
| 14. | 08/08/11 | B of A 9703 | GMC AUTOS, LLC | Withdrawal | $5,000 |
| 15. | 08/09/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $9,500 |
| 16. | 08/09/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $5,000 |
| 17. | 08/09/11 | B of A 9703 | GMC AUTOS, LLC | Withdrawal | $8,500 |
| 18. | 08/10/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $5,000 |
| 19. | 08/10/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $7,000 |
| 20. | 08/10/11 | Chase 3018 | GMC AUTOS, LLC | Withdrawal | $6,300 |
|  |  |  |  | **TOTAL:** | **$102,100** |

All in violation of Title 18, United States Code, Section 371.

## ALLEGATION OF FORFEITURE

The allegations in count one of the indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense charged in count one, Defendant JUAN CARLOS DE LA CRUZ PIOTE shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to commit wire fraud, including but not limited to the following: Money judgment in the amount of $1,000,000, which represents proceeds of the conspiracy.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant,

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with, a third party;
3. has been placed beyond the jurisdiction of the Court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be divided without difficulty;

//
//
//

| | |
|---|---|
| 1 | it is the intent of the United States, pursuant to Title 21, United States Code, |
| 2 | Section 853(p), to seek the forfeiture of any other property of the Defendant up to the |
| 3 | value of the above-described forfeitable property. |

A TRUE BILL:

DATED: 8-14-13

Signature of Foreperson redacted pursuant to the policy of the Judicial Conference

FOREPERSON

_____
JENNY A. DURKAN
United States Attorney

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
DAVID REESE JENNINGS
Assistant United States Attorney